IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LENA STOUT, an individual,<br><br>                      Plaintiff,<br><br>                      v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS, a Utah corporation, and DESERET HEALTHCARE EMPLOYEE BENEFITS TRUST, a Utah business trust,<br><br>                      Defendants. | **RULING & ORDER**<br><br>Case No. 1:11-cv-00143<br><br>United States District Court Judge<br>Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

       On November 13, 2012, in response to Plaintiff's Motion To Compel (Document 14), the Court issued a Ruling and Order requiring Defendants to produce the unredacted documents, currently at issue, for an in camera review by the court. (Document Number 23.) A day thereafter, on November 14, 2012, Defendants provided the unredacted documents for the court's review. Having reviewed the documents, the Court now rules as follows.

       As stated in the court's prior ruling, generally communications between attorneys and their clients are privileged. Once an attorney client relationship is established, the privilege that enures protects " 'confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.' " <u>In re Grand Jury Proceedings</u>, 616 F.3d 1172, 1182 (10th Cir. 2010) (quoting <u>In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982</u>, 697 F.2d 277, 278 (10th Cir. 1983)). In ERISA cases, however, "administrators owe a fiduciary duty to their beneficiaries that creates an exception to the

attorney-client relationship."  Gundersen v. Metropolitan Life Ins., 2011 WL 487755 *8 (D. Utah) (citing United States v. Mett, 178 F.3d 1058, 1062 (9th Cir. 1999)).  The exception arises because " 'as a representative for the beneficiaries of the trust which he is administering, the trustee is not the real client in the sense that he is personally being served.' "  Id. (quoting Mett, at 1063).

Defendants assert the attorney client privilege as to four documents: DMBA/STOUT 44, 55, 69 and 79.  All of the documents appear to have been created before March 30, 2010, the date on which Defendants issued their final decision denying Stout's benefits.  Stout argues that because all of the documents "appear to deal specifically with how Defendants handled Stout's claim before they denied it" the fiduciary exception applies and the documents should be produced.  (Document Number 18).

Given that the fiduciary exception analysis examines requires an examination of whether the communications were provided in a fiduciary or non-fiduciary context, as well as the content of the communications, the court concluded that an in camera review of the documents was appropriate.  See, Gundersen, at *9.  In conducting its review, the court attempted to distinguish between non-privileged communications where the trustee was seeking legal advice relating to plan administration, versus privileged communications where the trustee was seeking counsel's advice in order to defend against plan beneficiaries.  See, Gundersen, at *9 (quoting United States v. Mett, 178 F.3d 1058, 1062 (9th Cir. 1999)).

Accordingly, the court finds as follows:

*DMBA/STOUT 44, "24 Hour-Accidental Death & Dismemberment Claim".  The Court finds the redacted portion of the document contains attorney communications related to plan administration and therefore the fiduciary exception to the attorney client privilege applies.

*DMBA/STOUT 55, Email between Pam Larsen and Scott Campbell. It is unclear from the parties' submissions which exact parts of this document were redacted. However, the court's review finds that the document contains attorney communications related to plan administration and therefore the fiduciary exception to the attorney client privilege applies.

*DMBA/STOUT 69, "Claims Review Committee". The Court finds the redacted portion of the document contains attorney communications related to plan administration and therefore the fiduciary exception to the attorney client privilege applies.

*DMBA/STOUT 79: The Court finds the redacted portion of the document, specifically the two sentences appearing after the sentence, "According to the coroner, the patient's blood levels indicated that he was taking the prescription according to instructions," relate to Defendants' defense against plan beneficiaries and is therefore protected under the attorney client privilege.

Accordingly, Plaintiff's Motion To Compel is GRANTED as to documents: DMBA/STOUT 44, DMBA/STOUT 55, and DMBA/STOUT 69. It is denied as to DMBA/STOUT 79.

Defendants are hereby ORDERED to provide Plaintiff with unredacted copies of the relevant documents within ten (10) days of the date of this order.

DATED this 16th day of November, 2012.

_____
Dustin Pead
U.S. Magistrate Judge